## William Biester v. Fred J. Evans.

1. REAL ESTATE AGENT—*When Entitled to Commissions.*—An owner of a lot engaged an agent to sell it for him, agreeing to give him all he got above $200. The agent sent a buyer for $225 to the owner but the price not being satisfactory, after some negotiations the owner sold it to him for $200, and concealed the sale from the agent. Afterward the

agent found a customer for $225, and then first learned that the lot had been sold. *Held*, the agent was entitled to recover for his services.

2. INSTRUCTIONS—*On Questions Not in the Case.*—In an action by a real estate agent to recover for services in selling a lot at an agreed price, it is error to instruct the jury that "an unexecuted contract is not valid between the parties without a consideration," as it has nothing to do with the case and is misleading.

**Assumpsit,** for services of real estate agent. Appeal from the County Court of Boone County; the Hon. WALES W. WOOD, Judge, presiding. Heard in this court at the December term, 1894. Reversed and remanded. Opinion filed May 28, 1895.

JOHN T. DONAHOE, attorney for appellant.

CHARLES E. FULLER and WILLIAM C. DE WOLF, attorneys for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

This suit was commenced before a justice of the peace by appellant to recover from appellee commissions on the sale of a lot. Appellant recovered judgment for $30 before the justice, but an appeal was taken to the Circuit Court and the venue changed to the County Court, where he was defeated on a trial, and judgment was entered against him for costs.

It was proved that defendant employed plaintiff to sell the lot, and the dispute as to the contract related only to its terms. Plaintiff claimed the right to recover on a *quantum meruit.* The price fixed when the lot was placed in his hands was $225, but he testified that such price was not absolute, and that the $25 was put on so that they could drop if necessary. In this he was corroborated by Irwin L. Streeter, who testified that defendant said that he thought plaintiff could ask $225, and they could drop a little if necessary. Defendant claimed that the contract was that the plaintiff should have $15, if he sold the lot for $225, and that it was subsequently changed so that he was to have whatever was realized over $200.

Plaintiff put up a shingle on the lot showing that it was for sale by him, and showed the lot to Joshua Diamond, who, at plaintiff's request, went up to defendant's office to negotiate for it. Plaintiff had given the price to Diamond as $225, and at defendant's office Diamond objected to that price, and defendant afterward on the same day sold the lot to him for $200, thus, according to defendant's testimony, getting rid of plaintiff's claim by the inexpensive method of throwing off the excess above $200 from the price. The sale was made June 17th, and the fact of the sale was concealed by defendant from plaintiff, and when plaintiff afterward told defendant that he would yet find a customer for the lot, defendant said all right, and gave Streeter a sign not to intimate that the lot was already sold.

Afterward, on June 24th, plaintiff brought Max Kunze to defendant as a purchaser at $225, and Kunze then produced that amount of money and offered it for the lot. Plaintiff and Kunze both testified that this offer was made in good faith without knowledge that the lot had been sold.

The clear preponderance of the evidence, as it appears in the record, was that plaintiff was entitled to a reasonable commission on the sale to Diamond. But according to defendant's own testimony, plaintiff brought the parties together, and defendant on the same day without any notice to plaintiff, took from the customer the full amount that he was to receive from the sale, and threw off the plaintiff's share or interest. If, as defendant claimed, plaintiff was to have the excess over $200 and had named the price to his customer at $225, defendant had no right to take the customer, and relieve himself of all liability by taking $200 without notice to plaintiff, or any opportunity to protect his interest.

The first instruction given for defendant was as follows: " An unexecuted contract is not valid between the parties without a consideration." The instruction had nothing to do with the case, and as the jury would naturally suppose that it had, and would apply it to the contract in question, it should not have been given.

The second instruction for defendant was to the effect that plaintiff could not recover if defendant sold his lot before plaintiff brought a customer. There was no question but that plaintiff brought the customer, Diamond, to whom the lot was sold, and this instruction must have referred to Kunze as a customer. It was wrong, because plaintiff could recover although the lot was sold, if defendant, having employed him as agent to sell, concealed the fact that it was sold and continued the agency, and the customer was procured and presented in good faith.

The fourth instruction for defendant was as follows: "If you believe from the evidence that the defendant was only to pay the plaintiff in case the lot sold for more than $200, and that it did not sell for more than $200, then you should find for the defendant."

This instruction ignored the ground of recovery for procuring Kunze as a customer, which was a valid ground if the conditions above stated existed, and it disregarded any change of price by defendant, without notice, to the injury of plaintiff in the negotiation with the customer which he produced. For these reasons it was erroneous.

Modifications of instructions for plaintiff designed to make them conform to the rule given in the fourth instruction for defendant were faulty for the same reasons.

The judgment will be reversed and the cause remanded.